Filed 08/20/24  P. v. Strawn CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

---

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>　　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>JAMES EDWARD STRAWN,<br><br>　　　　　Defendant and Appellant. | C099475<br><br>(Super. Ct. Nos. CRF1402847<br>& 14F2847) |

Defendant James Edward Strawn appeals the trial court's denial of his petition for resentencing.  His appellate counsel filed a brief raising no arguable issues under *People v. Delgadillo* (2022) 14 Cal.5th 216 and *People v. Wende* (1979) 25 Cal.3d 436 and asks that we exercise our discretion to review the record for arguable issues on appeal.

This court notified defendant he had 30 days to file a supplemental brief. Defendant filed a supplemental brief arguing the trial court erred in summarily denying his resentencing petition without appointing him counsel and without holding a hearing, because Penal Code sections 1172.1 and 1172.75 require a hearing and appointment of

counsel. Defendant further argues the trial court violated his constitutional rights because he was entitled to be present at any hearing. We disagree and affirm the trial court's order denying the petition for resentencing. Undesignated section references are to the Penal Code.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2014, a jury found defendant guilty of corporal injury to a spouse or cohabitation, torture, and felon in possession of a firearm. The jury also found a great bodily injury enhancement to be true. The trial court sentenced defendant to an indeterminate term of life in person plus a consecutive eight months, and we affirmed the judgment. (*People v. Strawn* (Aug. 22, 2017, C077917).) In 2018, the trial court modified the sentence to prison for life plus a consecutive two years. The court arrived at the two years by imposing the middle term of two years for the felon in possession of a firearm charge.

In August 2023, defendant filed a pro per petition for resentencing, citing sections 1170, 1171, 1172, 1172.1, 1172.75, and requesting relief under Assembly Bill Nos. 124, 256, 333, 960, 1540 (2021-2022 Reg. Sess.), and Senate Bill Nos. 73, 81, 483, 567, 775 (2021-2022 Reg. Sess.).

The same month, the trial court summarily denied defendant's petition, noting defendant failed to explain which code sections entitled him to relief and why. The trial court also explained that no sentencing adjustment applied to defendant's case, and those that might in the future would require "some action by the Department of Corrections" prior to the trial court having jurisdiction to grant relief. Defendant timely appealed from the August 2023 order.

## DISCUSSION

Where, as here, the defendant has been notified that his appeal may be dismissed pursuant to *Delgadillo* and he files a supplemental brief raising issues he wants considered, we evaluate the issues presented but need not independently review the

record. (*People v. Delgadillo*, *supra*, 14 Cal.5th at pp. 228-232.) We evaluate those issues below.

        1.      Defendant Was Not Entitled to a Hearing or Counsel Pursuant to Sections 1172.75 or 1172.1

Under section 1172.75, "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of [s]ection 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of [s]ection 6600 of the Welfare and Institutions Code is legally invalid." (§ 1172.75, subd. (a).) Relief is obtained by the Department of Corrections and Rehabilitation notifying the sentencing court of an individual in its custody who currently is serving a prison term that includes a section 667.5 enhancement (§ 1172.75, subd. (b)), and the trial court then has jurisdiction to review the judgment and recall and resentence the defendant. (§ 1172.75, subd. (c).)

Defendant's sentence does not include a section 667.5 enhancement, so his argument that the trial court erroneously failed to appoint counsel, hold a hearing, or solicit argument from defendant pursuant to section 1172.75 fails.

We also find no merit in defendant's argument that he was entitled to counsel, a hearing, or the opportunity to present argument pursuant to section 1172.1. Section 1172.1 permits a trial court under certain circumstances to recall a defendant's sentence and resentence him, but only (1) on the court's own motion or (2) upon the recommendation of the Secretary of the Department of Corrections and Rehabilitation or the Board of Parole Hearings. (§ 1172.1 , subd. (a)(1).) "A defendant is not entitled to file a petition seeking relief from the court under this section. If a defendant requests consideration for relief under this section, the court is not required to respond." (§ 1172.1, subd. (c).) Given that defendant initiated the request for resentencing, defendant was not entitled to any response from the court, appointment of counsel, setting of a hearing, or solicitation of argument from defendant.

3

2. The Trial Court Did Not Violate Defendant's Constitutional Rights by Summarily Denying His Resentencing Petition

To address defendant's argument that he was constitutionally entitled to be present at any resentencing hearing, we must first determine if defendant was entitled to resentencing based on his petition. We agree with the trial court that defendant's petition failed to establish a basis for resentencing. With respect to the changes to the law defendant cited in his petition, he was sentenced for torture, felon in possession of a firearm, and corporal injury to a spouse or cohabitation with a great bodily injury enhancement (with sentence on this count and associated enhancement stayed pursuant to section 654). As such, the bulk of the legislative changes he cites are inapplicable. As to the remaining legislative changes cited in his petition, which took effect in 2022, courts have made clear that legislative amendments that lessen criminal punishment are presumed to apply only to cases that are not yet final, unless there is a saving clause providing for prospective application. (*In re Estrada* (1965) 63 Cal.2d 740, 742, 744, 746-747.) Defendant is ineligible for relief because his 2014 judgment is final, given that this court affirmed the judgment in 2017 and the time to petition for certiorari has passed. (*People v. Padilla* (2022) 13 Cal.5th 152, 162.)

4

## DISPOSITION

The trial court's order denying defendant's resentencing petition is affirmed.

/s/
MESIWALA, J.

We concur:

/s/
RENNER, Acting P. J.

/s/
KRAUSE, J.

5